UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA PACIFIC PROPERTIES, INC., <br> Plaintiff, <br> v. <br> DARIEL EVANS, <br> Defendant. | Case No. 17-cv-06686-DMR <br><br> **ORDER REASSIGNING CASE TO DISTRICT JUDGE AND REPORT AND RECOMMENDATION TO DENY IFP APPLICATION AND REMAND TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA** |

Defendant Dariel Evans removed this case pursuant to 28 U.S.C. § 1441 from the Superior Court of California, County of Contra Costa, where it was pending as a complaint for unlawful detainer against him and another defendant. The Notice of Removal states one basis for removal: that the Complaint presents a federal question such that the case could have originally been filed in this Court. [Docket No. 1 (Notice of Removal) ¶ 5.] The complaint for the unlawful detainer action was not attached to the notice of removal. Mr. Evans also filed an incomplete application to proceed *in forma pauperis* ("IFP"). [Docket No. 2.]

On December 4, 2017, the court ordered Mr. Evans to submit the "process, pleadings, and orders" pertaining to the state court action in accordance with 28 U.S.C. § 1446(a) by December 13, 2017. [Docket No. 4.] *See* 28 U.S.C. § 1446(a) ("[a] defendant . . . desiring to remove any civil action from a State court shall file in the district court . . . a notice of removal . . . together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action."). The court also ordered Mr. Evans to file a completed IFP application or pay the filing fee by December 13, 2017, warning him that failure to submit a completed IFP application could result in denial of the application. Mr. Evans has not complied with the court's order.

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the

district courts of the United States have original jurisdiction, may be removed by the defendant or other defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *opinion amended on denial of reh'g,* 387 F.3d 966 (9th Cir. 2004) (citing 28 U.S.C. § 1447). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Id.*

The parties have not yet filed a declination or consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Therefore, the court issues this Report and Recommendation and reassigns this case to a district judge for final disposition, with the recommendation that the IFP application be denied and that summary remand be ordered.

## I. IFP APPLICATION

Mr. Evans's financial affidavit is incomplete, as he did not provide answers to question nos. 1, 7, 8, and 9. The court ordered Mr. Evans to provide a complete financial affidavit, but he did not do so. As Mr. Evans has not demonstrated that he satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a), the court recommends that the IFP application be denied.

## II. FEDERAL QUESTION JURISDICTION

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). That rule applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002). Relevant for purposes here, a federal question exists only when it is presented by what

is or should have been alleged in the complaint. *Id.* at 830. The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction. *Id.* at 831; *see also ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) ("[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." (citation and internal quotation marks omitted) (brackets in original)).

The Notice of Removal states that Plaintiff Sierra Pacific Properties, Inc. "has actually filed a Federal Question action in State Court," and that Plaintiff's "right to relief necessarily depends on resolution of a substantial question of Federal law," namely, the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5220. Notice of Removal ¶¶ 5, 8.[1] However, Mr. Evans alleges that the complaint that Plaintiff filed in Contra Costa County Superior Court was for unlawful detainer. *Id*. at ¶¶ 7, 8.[2] "Unlawful-detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction." *PNC Bank Nat'l Ass'n v. Ahluwalia*, No. 15-cv-01264 WHA, 2015 WL 3866892, at *4 (N.D. Cal. June 22, 2015) (citing *Fed. Nat'l Mortg. Assoc. v. Lopez*, No. 11-cv-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011)); *GMAC Mortg. LLC v. Rosario*, No. 11-cv-01894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011). Whatever Mr. Evans intends to argue in response to the unlawful detainer complaint, including whatever defense he may assert under the Protecting Tenants at Foreclosure Act of 2009, does not give rise to removal jurisdiction. *See Holmes Group*, 535 U.S. at 831; *see also Nguyen v. Bui*, No. 12-501 HRL, 2012 WL 762156, at *2 (N.D. Cal. Feb. 21, 2012) (holding that affirmative defenses based upon Federal Truth in Lending Act and Real Estate Settlement Procedures Act do not confer federal jurisdiction upon state unlawful

---

[1] The Notice of Removal does not assert diversity as a basis for jurisdiction. It contains no allegations regarding citizenship or the jurisdictional amount.

[2] Mr. Evans failed to file the underlying complaint as required by 28 U.S.C. § 1446(a) as well as the December 4, 2017 order. However, the court notes that the Contra Costa County Superior Court's online case docket confirms that Plaintiff's complaint is for unlawful detainer. *See* http://icms.cccourts.org/tellme/tellme/tellmecasereport.asp?language=ENGLISH&courtcode=P&casenumber=PS17-1149&casetype=CIV (last visited on Dec. 19, 2017).

3

detainer claim).

Additionally, the court is unable to determine whether the removal was timely, because Mr. Evans did not provide the unlawful detainer complaint or the date on which he was served with the complaint. 28 U.S.C. § 1446(b)(1) provides that a notice of removal must be filed "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," or "within 30 days after the service of summons upon defendant" if the pleading was filed in court and is not required to be served upon the defendant.

## III. CONCLUSION

For the reasons stated above, the court recommends that Mr. Evans's IFP application be denied and that this action be remanded to the Contra Costa County Superior Court. The Clerk is directed to reassign this case to a district judge.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**IT IS SO ORDERED.**

Dated: December 20, 2017

_____
DONNA M. RYU
United States Magistrate Judge

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

SIERRA PACIFIC PROPERTIES, INC.,

    Plaintiff,

v.

DARIEL EVANS,

    Defendant.

Case No. 4:17-cv-06686-DMR

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 12/20/2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dariel Evans
284 Peppertree Way
Pittsburg, CA 94565

Dated: 12/20/2017

Susan Y. Soong
Clerk, United States District Court

By:_____
Ivy Lerma Garcia, Deputy Clerk to the
Honorable DONNA M. RYU